IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 05-285-01 |
| | : | |
| v. | : | District Judge John Garrett Penn |
| | : | |
| Carlos Grande Chavez, | : | Sentencing Date: October 26, 2005 |
| | : | |
| also known as Carlos Alfredo | : | |
| Grande-Chavez; Carlos Charvez; | : | VIOLATION: |
| "Snoopy" | : | |
| | : | 8 U.S.C. § 1326(a) |
| Defendant. | : | (Unlawful Re-Entry of a Removed Alien) |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States Attorney, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in Aid of Sentencing the defendant, **CARLOS GRANDE CHAVEZ** also known as Carlos Alfredo Grande-Chavez; Carlos Charvez; "Snoopy" (hereafter, "the defendant" or "Mr. Chavez"), in the above case.  This memorandum sets forth those factors that, in our assessment, this Court should consider in imposing its sentence.  The Government recommends that Mr. Chavez be sentenced to a 6 month period of incarceration, a sentence in the upper range of the application United States Sentencing Guideline (U.S.S.G.) range based upon the defendant offense level and criminal history category and a sentence that considers the factors set forth in 18 U.S.C. § 3553(a)(2).

**Procedural Posture**

_____1.  On June 25, 2005, the defendant was arrested and held without bond after he was discovered by Alcohol, Tobacco, and Firearms agents during the execution of an unrelated search warrant.  Mr. Chavez admitted to being deported and to re-entering the United States illegally.

2. The Bureau of Immigration and Customs Enforcement (ICE) lodged an immigration detainer.

3. On August 1, 2005, a one count Information was filed against Mr. Chavez in the United States District Court for the District of Columbia. The Information charged the defendant with violating Title 8, United States Code, Section 1326(a), Unlawful Re-Entry of a Removed Alien.

4. On August 11, 2005, Mr. Chavez pled guilty to the one count Information. *No plea agreement between the government and the defendant was reached in this case.*

## Criminal Conduct

On June 25, 2005, Alcohol, Tobacco, and Firearms agents of the High Intensity Drug Trafficking Area Task Force conducted a search warrant related to drug-dealing at the location of xxxxxxxxxx xxxxxxxx xx x xx, Washington, DC. The defendant was located inside of xxxxxxxxxx xxxxxxxx xx x xx Street at the time of the execution of the warrant. He was interviewed by ICE agents to determine alienage and deportability. The defendant admitted to being deported and re-entering the United States illegally. ICE agents contacted the Law Enforcement Support Center to perform ICE indices and to confirm the defendant's deportation status. This request revealed that Mr. Chavez was an alien who was previously deported from the United States.

The defendant first entered the United States in 2000. On September 10, 2003, the defendant was sentenced and convicted in the General District Court of Fairfax County, Virginia for Tampering with a Vehicle, in violation of Virginia State Code, 18.2-146. Subsequent to this conviction, on November 17, 2003, Mr. Chavez was ordered to be removed under the Immigration and Nationality Act. Pursuant to that removal order, Mr. Chavez was given, and was

required to sign, a written warning that advised him that he was prohibited from entering, attempting to enter, or being in the United States, without permission to reapply for admission from the Attorney General or his delegate. On March 12, 2004, the defendant was deported.

Shortly after his deportation, the defendant re-entered the United States without inspection.

### Recommended Sentence

As a threshold matter, the Government understands that the application of the United States Sentencing Guidelines is not mandatory. However, in <u>United States v. Booker</u>, the United States Supreme Court made clear that, in determining the appropriate sentence for a defendant, federal courts should calculate and consider the applicable guideline range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities. _____ U.S. ____; 125 S. Ct. 738, 757 (2005). Accordingly, in determining an appropriate sentence for Mr. Chavez, the government requests that the Court consider the U.S.S.G. as well as the sentencing objectives stated in the United States Code in order for the sentence to: (1) reflect the severity of the offense (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with the needed educational or vocational training and medical care. <u>Id.</u>; <u>see also</u> 18 U.S.C. § 3553(a)(2).

Mr. Chavez plead guilty to a one count information charging him with violating 8 U.S.C. § 1326(a), Unlawful Re-Entry of a Removed Alien. *Although the defendant was extended a plea offer from the government, he chose to plead guilty without entering into an agreement, in part because he did not want to agree to enter into a stipulated request for his deportation, a condition*

*of the plea agreement*.  The statutory maximum period of incarceration is 2 years.  The applicable guideline range for this offense is set forth in U.S.S.G. § 2L1.2(a).  Under this section, the defendant's base offense level is an 8.  The defendant is eligible for a 2 point reduction in his offense level for acceptance of responsibility under § 3E1.1(a),  which would bring his adjusted offense level to  6.  On September 10, 2003, Mr. Chavez was convicted of Tampering With a Vehicle, a crime that preceded the instant offense by less than 2 years after his release from imprisonment.  His  criminal history category, therefore,  is III.  That criminal history places him in Zone B of the Sentencing Table.  Accordingly, the guideline range applicable to Mr. Chavez is a term of imprisonment of 2 months to 8 months.   Additionally, a special assessment of $100 is mandatory, and the Court may impose an additional fine in the range of $500 to $5,000, pursuant to U.S.S.G. § 5E1.2(c)(3).

Mr. Chavez was born and raised in El Salvador.  According to the Presentence Investigation Report,  he left school after the 5th grade.  Mr. Chavez first entered the United States in 2000, at the age of 17.  His family, including a daughter, remained in El Salvador, where they still reside today.  In 2003, Mr. Chavez was convicted of Tampering with a Vehicle, a conviction that led to his deportation in 2004.  Mr. Chavez subsequently re-entered the United States.  While in the United States, Mr. Chavez reported working for an individual in the home improvement field.  Mr. Chavez admitted that he had drunk alcohol and used marijuana in the past.  Additionally he admitted to ingesting cocaine as recently 4 months prior to his arrest.

The defendant has been in custody since his arrest on June 25, 2005.  On the date of sentencing, Mr. Chavez  will have been incarcerated for approximately 4 months.  The Government recommends that Mr. Chavez be sentenced to a 6 month period of incarceration

based upon his criminal history, his very recent drug usage, and on his unwillingness to be completely forthright in his acceptance of responsibility of the instant offense.

Not only does Mr. Chavez have a criminal record, but in addition, he has used marijuana in the past, and ingested cocaine as recently 4 months prior to his arrest. Furthermore, at the plea proceeding and in response to a portion of the Court's Rule 11 inquiry, Mr. Chavez told the Court on the record that he did not have notice that he could not reenter the United States without permission from the Attorney General or a designee. That representation is completely contrary to the written warning read to Mr. Chavez on November 17, 2003, pursuant to an order of removal. That warning, which was read to him, expressly advised him that he was prohibited from entering, attempting to enter, or being in the United States, without permission to reapply for admission from the Attorney General or his delegate. Furthermore, additional information provided to the government during the course of its investigation indicates that Mr. Chavez has close ties and an affiliation with a known violent gang in Northern Virginia, Mara Salvatrucha (MS-13). Finally, based upon the Immigration and Customs Enforcement detainer lodged to hold the defendant, there is a good likelihood that Mr. Chavez will be removed from the United States after he has completed his sentence in this case.

The crime that Mr. Chavez committed is a serious one. His sentence should serve to punish his actions and deter him from committing future crimes. The government, therefore, respectfully recommends a sentence of 6 months of incarceration which is a sentence in the high range of the applicable U.S.S.G.. range as a fair and just sentence in this case. The defendant's

eventual removal should also provide deterrence, as Mr. Chavez will understand that an attempt to enter this country unlawfully will result in his prosecution, a period of incarceration, and his ultimate removal from the United States.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar #451-058

_____

HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Heidi.Pasichow@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing document has been electronically filed and provided to counsel for defendant, Lara Quint, Esq., Public Defender Service, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20001, on this 24th day of October, 2005.

                                                    _____
                                                    HEIDI M. PASICHOW
                                                    Assistant U.S. Attorney